UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| UTE R. BINDNER, ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 07-00995 AJW |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF DECISION |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the joint stipulation. [JS 2]. Plaintiff filed her benefits application on September 19, 2003. [JS 2; Administrative Record ("AR") 116-118]. After her application was denied initially and on reconsideration, plaintiff's application was denied in a written hearing decision by an administrative law judge ("ALJ"). The Appeals Council granted review, vacated the ALJ's decision, and remanded the matter. [JS 2; AR 30-32, 40-48]. Following a supplemental hearing on remand, a different ALJ denied benefits in a written hearing decision that constitutes the final

decision of the Commissioner. [JS 2; AR 4-6, 12-19]. The ALJ found that plaintiff had severe impairments consisting of a history of post-concussion syndrome, transient ischemic attacks, asthma, and irritable bowel syndrome, but that she retained the residual functional capacity ("RFC") to perform her past relevant work as a child care attendant. [See JS 2; AR 12-19].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

**Compliance with the Appeals Council's remand order**

Plaintiff contends that the ALJ failed to comply with the Appeals Council's remand order, warranting reversal. [JS 3-19].

When the Appeals Council remands a case to an ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b); see, e.g., Rogers v. Astrue, 2008 WL 850131, at *15-*16 (E. D. Cal. 2008) (holding that the ALJ's "failure to adhere strictly to" an Appeals Council's remand order was harmless error where substantial evidence supported the ALJ's decision on remand).

Plaintiff's contentions are unconvincing. First, the Appeals Council denied plaintiff's request for review of the second ALJ's adverse decision. Although not dispositive of the issue, the Appeals Council's conclusion that there was no reason to review the second ALJ's decision is entitled to some weight. Cf.

1  Steahr v. Apfel, 151 F.3d 1124, 1125-26 (8th Cir. 1998) (deferring to the district court's affirmance of the
2  ALJ's decision on remand because the court "knew its original intent in remanding the case, and we will
3  defer to the [court's] construction of its own order").

4  Second, the ALJ's written decision contradicts plaintiff's assertion that the ALJ failed to comply with
5  the Appeals Council's remand order by (1) failing properly to evaluate plaintiff's mental impairment using
6  the special technique described in 20 C.F.R. § 404.1520a; (2) comparing the physical and mental demands
7  of plaintiff's past work; and (3) developing the record. [JS 3-19].

        **(1)    Special technique**

9  The Appeals Council ordered the ALJ to "[f]urther evaluate the claimant's mental impairment in
10  accordance with the special technique described in 20 C.F.R. 404.1520a, documenting application of the
11  technique in the decision by providing specific findings and appropriate rationale for each of the functional
12  areas described in 20 C.F.R. 404.1520a." [AR 31].

13  Under the Commissioner's regulations, a "special technique," also referred to as the "psychiatric
14  review technique," is used to evaluate the severity of mental impairments. See 20 C.F.R. §§ 404.1520a,
15  416.920a; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4. The psychiatric review technique
16  requires adjudicators to rate the claimant's degree of functional limitation resulting from any mental
17  impairment(s) in four "broad functional areas" identified in the "paragraph B" and "paragraph C" of the
18  adult mental disorders listings. See 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3); Social Security Ruling
19  96-8p, 1996 WL 374184, at *4. Those four functional areas are "[a]ctivities of daily living; social
20  functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§
21  404.1520a(c)(3), 416.920a(c)(3). The regulations call for the psychiatric review technique rating to be used
22  at the second and third steps of the sequential evaluation procedure to determine whether the claimant has
23  a severe mental impairment and whether a severe mental impairment meets or equals a listed impairment.
24  Generally, a claimant whose limitations in the four functional areas are "mild" or "none" ordinarily will not
25  be found to have a severe mental impairment. See 20 C.F.R. §§ 404.1520a(d)(1)-(2), 416.920(d)(1)-(2).

26  Plaintiff was represented by counsel during the administrative hearing on remand. During that
27  hearing, the medical expert, Dr. Malancharuvil, opined that plaintiff had mild limitations in the first three
28  functional areas and none in the fourth. [AR 494]. Asked by the ALJ to identify specific evidence supporting

his opinion, Dr. Malancharuvil cited the examination findings and conclusions of the Commissioner's consultative psychiatrist and consultative psychologist. [AR 279-285, 399-409, 495-497]. Both of those examining sources opined that plaintiff had no more than mild functional deficits. Accordingly, the consultative examiners' reports supported Dr. Malancharuvil's testimony, which also was consistent with the opinion of the nonexamining state agency physician. [AR 305].

Contrary to plaintiff's argument, Dr. Malancharuvil's testimony was not so "convoluted" as to be ambiguous. He unequivocally rated plaintiff's limitations as mild or none using the psychiatric review technique, and his opinion is supported by other substantial evidence in the record. The ALJ permissibly adopted Dr. Malancharuvil's findings with respect to the psychiatric review technique. Plaintiff has not demonstrated that the ALJ's application of the psychiatric review technique was inconsistent with the Appeals Council's remand order or otherwise was erroneous. Accordingly, her contention is without merit.

**(2)     Past relevant work**

Plaintiff testified that her last job was that of an aide in the school system working with disabled children, and that she thought her title was "special daycare class assistant." [AR 416]. The Appeals Council noted that the first ALJ found that plaintiff retained the RFC return to her past relevant work as an instructional assistant (also known as a child care attendant) but could not have "'intense contact with the 'general public,'" and that it was not clear how much public contact the job of instructional assistant entailed. [AR 31]. Because the first ALJ's decision did not "contain a comparison of the claimant's nonexertional residual functional capacity with the mental demands of her past relevant work as an instructional assistant," the Appeals Council ordered the ALJ to "[f]urther evaluate the claimant's ability to return to her past relevant work. In so doing, compare the physical and mental demands of the past relevant work to the claimant's residual functional capacity." [AR 32 (internal citation omitted)]. The Appeals Council also directed the ALJ to "give further consideration to the claimant's maximum [RFC]" and provide a supporting rationale. [AR 32].

On remand, as authorized by the Appeals Council, the ALJ reevaluated plaintiff's RFC and her ability to perform her past relevant work. The ALJ found that plaintiff did not have a severe mental impairment and therefore that her ability to perform medium work was not compromised by any nonexertional mental functional limitations. Based on the vocational expert's uncontroverted testimony that

plaintiff's past job as a child care attendant was unskilled, medium work, substantial evidence supports the ALJ's finding that plaintiff's RFC does not preclude her from performing that job. The vocational expert further testified that even if the hypothetical person described by the ALJ had a mental functional limitation "simple to slightly complex tasks with no intense interaction with the public," that person still could perform the job of child care attendant. The vocational expert also testified that her testimony was consistent with the job information in the Dictionary of Occupational Titles ("DOT"). [AR 497-500].

Plaintiff's speculation that the job of "child care attendant, school" for disabled children, DOT job number 355.674-010, demands "intense interaction" incompatible with plaintiff's RFC is unavailing. [JS 12-13]. The ALJ's RFC on remand did not preclude plaintiff from intense interaction with the public because the ALJ found that plaintiff did not have a severe mental impairment. [AR 15-16]. Even if such a limitation were supported by the record, plaintiff's surmise that "the necessity for intense interaction is inherent in this occupation" is not competent evidence contradicting the vocational expert's testimony that plaintiff's past relevant work as a child care attendant did not require intense interaction with the public. [AR 499-500].

The ALJ complied with the Appeals Council's order by eliciting testimony from the vocational expert regarding the physical and mental demands of plaintiff's past relevant work and her ability to perform those jobs. Plaintiff has not met her burden to show that she cannot perform her past relevant work.

### (3) Further development of the record

The Appeals Council's remand order noted that the first ALJ did not adequately evaluate the evidence pertaining to plaintiff's alleged mental impairment, including examining and nonexamining medical opinions indicating that "the claimant's mental impairment is not severe." [AR 30-31]. The Appeals Council ordered the ALJ to "request the treating source to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments. The [ALJ] may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources." [AR 32 (internal citation omitted)]. The Appeals Council directed the ALJ to "offer the claimant an opportunity for a new hearing, take any further action needed to complete the administrative record and issue a new decision." [AR 32].

The ALJ has a duty to fully and fairly develop the record, even where the claimant is represented by

counsel. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996). A claimant, however, retains the burden of proving disability. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's "duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes, 276 F.3d at 459-460 (rejecting the argument that the ALJ breached his duty to develop the record as an impermissible attempt to shift the burden of proving disability away from the claimant).

Plaintiff argues that the ALJ disregarded the Appeals Council's instructions because, while he left the record open for 30 days after the close of the hearing, he did so to allow plaintiff's counsel time to obtain records regarding a newly raised allegation of carpal tunnel syndrome. [AR 483-484, 500]. That argument is misguided. Plaintiff and her attorney were given a new hearing on remand. They had the opportunity (and the obligation) to submit new, material evidence from any treating source *before, during, and* for 30 days after the close of the hearing, which was the third ALJ hearing in this case. The Notice of Hearing expressly advised plaintiff that she had the right to submit additional documentary evidence, present and question witnesses, and request the issuance of subpoenas. [AR 24-27]. Under the Commissioner's regulations, moreover, plaintiff bears the responsibility for coming forward with, or cooperating in the procurement of, all material evidence prior to, or at, the hearing. See 20 C.F.R. §§ 404.935, 404.1512(a)&(c), 404.1516, 416.912(a)&(c), 416.916, 416.1435.

In addition to opening the record for the submission of new evidence on remand, the ALJ augmented the record by eliciting new hearing testimony from plaintiff, a medical expert, and a vocational expert. Plaintiff has not shown that the steps taken by the ALJ to develop the record were inadequate. Plaintiff has not pointed to any new, material treating source evidence that existed but was not made a part of the record on remand. Moreover, if such evidence existed, she has not explained why neither she nor her attorney obtained it, asked the ALJ for help in obtaining it, or submitted to the Appeals Council in support of her request for review. Plaintiff has not demonstrated that the record, which was some 500 pages long, was too ambiguous or inadequate to permit a disability determination.

For all of these reasons, plaintiff's contention that the ALJ erred by failing to comply with the Appeals Council's remand order breached his duty to develop the record or lack merit.

**Conclusion**

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

DATED: June 23, 2008

_____
ANDREW J. WISTRICH
United States Magistrate Judge